**David Edward FOWLER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09–02–462–CR.**

Court of Appeals of Texas,
Beaumont.

Submitted Sept. 23, 2003.

Decided Jan. 14, 2004.

4. The world population of 6 billion divided by 136.

5. Would any court let a 7/10% probability (1/136) establish paternity?

Mike Aduddell, Conroe, for appellant.

Michael A. McDougal, Dist. Atty., Frances Madden, Marc Brumberger, Asst. Dist. Attys., Conroe, for state.

Before McKEITHEN, C.J., DON BURGESS, and DAVID B. GAULTNEY, JJ.

## OPINION

DAVID B. GAULTNEY, Justice.

Under a single indictment, appellant was convicted by a jury of three counts of Aggravated Sexual Assault. *See* TEX. PENAL CODE ANN § 22.021(a)(1)(B), (2)(B) (Vernon 2003). On each count, the punishment assessed by the jury was identical: confinement for life in the Texas Department of Criminal Justice—Institutional Di-

vision. Three issues are presented for our consideration.

■ Issue one complains that the application paragraphs of each of the jury instructions omitted the phrase "and not the spouse of the Defendant," as alleged in each count of the indictment. The indictment alleged the "Complainant was then and there a child younger than 14 years of age and not the spouse of the Defendant." Relying on *Doyle v. State*, 631 (Tex.Crim. App.1982), appellant contends that if required elements of the offense are omitted from the application paragraph of the jury instructions, the conviction is fatally defective.

The application paragraphs instructed the jury that the victim had to be a "child younger than fourteen (14) years of age," as alleged in each count of the indictment. The jury instructions on each of the three counts defined the word "child" as "a person younger than seventeen (17) years of age who is not the spouse of the actor." The term "spouse" was defined for the jury as "a person who is legally married to another."

Appellant does not say there is insufficient evidence to prove that no spousal relationship existed between the victim and appellant at the time of the offense. The victim testified she was not the spouse of appellant, and has never been. She was younger than fourteen years of age.

In *Barrera v. State*, 982 S.W.2d 415, 416–17 (Tex.Crim.App.1998), the Court of Criminal Appeals noted its more recent decisions have questioned the emphasis in *Doyle* on a procedurally perfect jury charge. As the *Barrera* Court explained:

In *Malik v. State*, we overruled the line of Texas cases that had held that the jury charge absolutely controls an appellate court's assessment of evidentiary sufficiency (the so-called *Benson/Boozer*

doctrine). We instead concluded that the proper measure of sufficient evidence was the "hypothetically correct jury charge":

Such a charge would be one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried.

[*Malik*, 953 S.W.2d at 240]. We pointed to authorities which had signaled the decline of the importance of the application paragraph of a charge, as well; for example, we acknowledged our recent observation that "it may well be that application paragraphs are an anachronism, and that jurors could perform just as well without them." *Id.* at 238 (quoting *Plata v. State*, 926 S.W.2d 300, 304 (Tex.Crim.App.1996)).

*Barrera*, 982 S.W.2d at 417 (quoting *Malik v. State*, 953 S.W.2d 234 (Tex.Crim.App. 1997)) (certain internal citations omitted).

■ In determining if jury charge error exists, we view the charge as a whole rather than focus only on isolated statements or parts of the charge standing alone. *See Marvis v. State*, 36 S.W.3d 878, 880 (Tex.Crim.App.2001); *Holley v. State*, 766 S.W.2d 254, 256 (Tex.Crim.App.1989). Immediately before the application paragraphs, the jury was provided the full statutory definition of "child" and "spouse." The definition of the word "child" included the "not-the-spouse-of-the-actor" restrictive language. The application paragraph limited the term further with the phrase "younger than 14 years of age." We conclude the jury charge accurately set out the law, was authorized by the indictment and adequately described the particular

offense for which the defendant was tried. Issue one is overruled.[1]

■ We combine the analysis and discussion of issues two and three, as they both complain of the same extraneous offense evidence admitted during the punishment phase of the trial. The extraneous offense evidence consisted of testimony from a woman, B.B., who identified appellant as having sexually assaulted her when appellant was married to B.B.'s mother, beginning some twenty-five years earlier when she was six years old, and continuing until she was about sixteen years old. Appellant contends it was error to admit this punishment phase evidence because he says the evidence was not relevant to a material issue, was unfairly prejudicial and was too remote in time.

At the outset, we note appellant has provided no salient authority to support his contentions. The cases he refers us to address admissibility of extraneous offense evidence in the guilt-innocence phase of a trial. He also cites to a case, *Bachhofer v. State,* 633 S.W.2d 869 (Tex.Crim.App. 1982), that was decided before art. 37.07 was revised to its present form. *See* TEX. CODE CRIM. PROC. ANN. art. 37.07, § 3 (Vernon Supp.2003). Most of what appellant argues regarding the punishment phase evidence runs contrary to article 37.07, section 3, which provides:

> [E]vidence may be offered by the state and the defendant as to any matter the court deems relevant to sentencing, including but not limited to the prior

criminal record of the defendant, his general reputation, his character, an opinion regarding his character, the circumstances of the offense for which he is being tried, and, notwithstanding Rules 404 and 405, Texas Rules of Evidence, any other evidence of an extraneous crime or bad act that is shown beyond a reasonable doubt by evidence to have been committed by the defendant or for which he could be held criminally responsible, regardless of whether he has previously been charged with or finally convicted of the crime or act.

By its express wording, section 3 of article 37.07 permits a trial court to admit extraneous offense or bad act evidence to show a defendant's character. Furthermore, any extraneous offense or bad act evidence is admissible without regard to Rule 404 (character evidence). *See* TEX.R. EVID. 404. We reject appellant's relevancy argument.

■ Appellant provides no specific authority for his remoteness argument in this context. Even assuming as a general proposition that the probative value of evidence in some context conceivably could be diminished by the passage of time, the argument is not persuasive here. The evidence showed a pattern of conduct over a ten year period of time. And the Legislature has determined under art. 37.07, section 3 that extraneous offenses and bad acts may be introduced for the purpose of assisting the jury in assessing punishment.

---

1. At trial, defendant objected generally to the charge as not comporting with the allegations in the indictment. Some four days after the entry of judgment, defendant filed written objections to the jury charge in which, for the first time, he specifically objected to the jury charge as having failed to include the "not the spouse of the Defendant" wording. A party must make a specific objection and obtain a ruling at the earliest possible opportunity to preserve error for appellate review. *See Wilson v. State,* 71 S.W.3d 346, 349 (Tex.Crim. App.2002). In the instant case, had we found jury charge error, we would have conducted our *Almanza* harm analysis under an egregious harm standard as appellant's trial objections were not specific, and his written post-trial objections were not timely. *See Almanza v. State,* 686 S.W.2d 157, 171 (Tex. Crim.App.1984) (op. on reh'g).

The statute does not provide a time restriction.

In *Rogers v. State*, 991 S.W.2d 263, 265 (Tex.Crim.App.1999), the Court found Rule 401 of the Texas Rules of Criminal Evidence "helpful" in determining what evidence is admissible under article 37.07, sec. 3. The Court reiterated that the sentencing phase presents different issues than the guilt-innocence phase: the Rule 401 definition of "relevant" is not a "perfect fit" in the sentencing context. And the Court quoted the following from *Miller–El v. State*, 782 S.W.2d 892, 895–96 (Tex.Crim.App.1990):

> [A]dmissibility of evidence at the punishment phase of a non-capital felony offense is a function of policy rather than relevancy. This is so because by and large there are no [discrete] factual issues at the punishment stage. There are simply no distinct "fact[s] ... of consequence" that proffered evidence can be said to make more or less likely to exist. Rather, "[d]eciding what punishment to assess is a normative process, not intrinsically factbound." What evidence should be admitted to inform that normative decision is not a question of logical relevance, but of policy.

(footnotes and citations omitted). We reject appellant's contention that the extraneous offenses were too remote to be helpful to the jury in assessing punishment.

■ Appellant's last argument is that the extraneous offense evidence was more prejudicial than probative. We interpret this as an invocation of Rule 403 of the Texas Rules of Evidence, which provides that, although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. Rule 403 favors the admission of relevant evidence and carries a presumption that relevant evidence will be more probative than prejudicial. *Jones v. State*, 944 S.W.2d 642, 652 (Tex.Crim. App.1996). The rule requires exclusion of evidence only when there exists a clear disparity between the danger of unfair prejudice and the probative value of the evidence. *Id.*

Appellant does not say how the admission of the evidence was unfair, other than contending the evidence showed the jury he was a "criminal in general." The evidence did demonstrate a pattern of conduct. Evidence of defendant's prior assaults certainly had a tendency to cause a jury to increase his punishment. But that was its legitimate purpose. The value of the extraneous offense evidence was in permitting the jury to tailor the sentence to the defendant. The trial court's determination to admit the extraneous offense evidence in question was within the "zone of reasonable disagreement." *See Montgomery v. State*, 810 S.W.2d 372, 391–392 (Tex.Crim.App.1991)(op. on reh'g). We see no error in admitting the extraneous offense evidence under art. 37.07, sec. 3. Issues two and three are overruled.

The judgment and the sentence of the trial court are affirmed.

AFFIRMED.

DON BURGESS, Justice, filed concurring opinion.

DON BURGESS, Justice, concurring.

Regretfully, I must only concur. Once again this court sees a case where a court has failed to track the indictment in the application paragraph of a jury charge, yet the majority finds no error. I believe this was error, *see Bishop v. State*, 914 S.W.2d 200, 202 (Tex.App.-Beaumont 1995, pet. ref'd), and we should have conducted an *Almanza* harm analysis, as mentioned by the majority in their footnote one. *See Chavis v. State*, 807 S.W.2d 375, 378 (Tex. App.-Houston [14th Dist.] 1991, pet. ref'd).

Upon such an analysis, the uncontested evidence was that Fowler and the victim were *not* married. There is no evidence from which the jury could infer that they were spouses. Fowler did not contest the issue either in his case in chief or in his jury argument. I would hold that Fowler was not so egregiously harmed that he did not receive a fair and impartial trial.