Opinion issued September
24, 2009

 

 

 

 

 

 



 

 

 

 

 

 

 

 

In The

Court of Appeals

For The

First District of
Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-09-00088-CR

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



DOMINIQUE MURCHISON, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

 



On Appeal from the 263rd District Court

Harris County, Texas

Trial
Court Cause No. 1169981

 

 

 

MEMORANDUM OPINION

 



          The State indicted Dominique
Jerell Murchison for felony assault to a family member for causing bodily harm
to his wife, Nina Murchison.  Tex. Penal
Code Ann. § 22.01(b)(2) (Vernon 2003).  He pleaded guilty, and in
accordance with the State’s recommendation, the trial court assessed punishment
at five years’ deferred adjudication and community supervision.  Murchison
later violated the terms of the community supervision, and the State moved to adjudicate
guilt.  The trial court granted the State’s motion and sentenced Murchison to five
years’ confinement and a $500 fine.  Murchison appeals, contending that (1) the
trial court erred in admitting, during the punishment phase, State witness Nina
Murchison’s testimony about the circumstances giving rise to Murchison’s prior
criminal offense and guilty plea; and (2) his trial counsel was ineffective in
failing to object to Nina’s testimony regarding an unrelated shooting incident
and in failing to cross-examine her on this testimony.  We affirm the judgment
of the trial court.

Background

          In October 2008, Murchison
pleaded guilty to the offense of family violence assault as a second-time
offender and received a five-year deferred adjudication with community
supervision.  One stipulation of his community supervision was that he avoid
all contact with Nina Murchison, the complainant in the assault and his former
wife.  Murchison and Nina had been married for two years and have a young son
together. 

          On December 9, 2008, the
trial court granted the State’s motion to adjudicate guilt based on Murchison’s
alleged contact with Nina, which constituted a violation of the conditions of his
community supervision.  At the hearing on the motion to adjudicate, Nina testified
that Murchison contacted her on numerous occasions.  According to Nina,
Murchison called and sent text messages to her on several instances in October
and November 2008.  On October 30, Murchison sent her a flower arrangement and
card, and on November 2, he had a face-to-face meeting with her in a store
parking lot.  Nina further testified that she never called or sent text
messages to initiate any conversation.  In contrast, Murchison testified that
he had never contacted Nina in any form and that the phone number which Nina
alleged belonged to him belonged to a phone not in his possession.  Murchison
further testified that Nina had come to see him in person on November 2 and
November 25, and both times he avoided her. Murchison also stated that Nina had
sent unsolicited e-mails and text messages to him on several occasions. 
Several witnesses, all Murchison’s family members, testified that they had
witnessed Nina’s attempts to contact Murchison.

          Nina also testified about
the details of Murchison’s prior misdemeanor conviction for assault of a family
member, arising out of an incident in which Murchison ripped Nina’s clothing
off, pushed her down, dragged her by her hands and hair to the bathroom, and
threw her in the shower.  Murchison was placed on probation for this assault. 
Defense counsel objected to this testimony, but the trial court overruled the
objection.  Nina also testified that she asked an investigator to provide her
with transportation to the hearing because she was frightened, due to a recent
incident in which her father was shot.  Immediately thereafter, the State’s
counsel asked Nina if she was afraid of Murchison, and she said yes.  Defense
counsel did not object to this testimony or cross-examine Nina on this matter. 

Discussion

 Admissibility of Nina’s Testimony

Murchison contends that the trial
court erred in overruling defense counsel’s objection to Nina’s testimony
regarding the circumstances of Murchison’s prior assault offense because it was
not relevant and therefore inadmissible.  Murchison
contends that had this testimony not been admitted, he would not have been
adjudicated guilty. 

We review a trial court’s
decision to admit or exclude evidence for an abuse of discretion.  Green v. State, 934 S.W.2d 92, 101–02 (Tex. Crim. App.
1996).  Where the trial court’s evidentiary ruling is
within the “zone of reasonable disagreement,” there is no abuse of discretion,
and the reviewing court must uphold the trial court’s ruling.  Id.  All relevant evidence is admissible, except as otherwise
provided by Constitution, by statute, by the rules of evidence, or by other
rules prescribed pursuant to statutory authority.  Tex. R. Evid.
402.  Evidence is relevant if it tends to make the existence of
any consequential fact more or less probable than it is without the evidence.  Tex. R. Evid.
401.  After a defendant has been found guilty, the State may
offer evidence about the defendant “as to any matter the court deems relevant
to sentencing.”  Tex. Code
Crim. Proc. Ann. art.
37.07, § 3(a)(1) (Vernon Supp. 2006).  Relevant evidence in this context is
any evidence that assists the fact-finder in determining the appropriate
sentence given the particular defendant in the circumstances presented.  Rogers
v. State, 991 S.W.2d 263, 265 (Tex. Crim. App. 1999).  The statutory
language grants wide latitude in the admission of evidence deemed relevant.  Contreras
v. State, 59 S.W.3d 362, 365 (Tex. App.—Houston [1st Dist.] 2001, no
pet.).  We will not disturb a trial court’s determination regarding the
admissibility of relevant evidence in the absence of an abuse of discretion.  See
Green, 934 S.W.2d at 101–02.[1]

Section 3 of Article 37.07, entitled
“[e]vidence of prior criminal record in all criminal cases after a finding
of guilty,” applies to punishment hearings after a trial court grants a motion
to adjudicate guilt.  See Tex.
Code Crim. Proc. Ann. art. 37.07, § 3(a)(1) (Vernon Supp. 2006)
(emphasis added) (“Regardless of the plea and whether the punishment be
assessed by the judge or the jury, evidence may be
offered . . . as to any matter the court deems relevant to
sentencing.”); see also Rivera v. State, No. 01-07-00339-CR, 2008 Tex.
App. LEXIS 4389, at *10–11 (Tex. App.—Houston [1st Dist.] June 5, 2008, no
pet.) (mem. op., not designated for publication) (applying art. 37.07
§ 3(a)(1)  to extraneous offense evidence admitted during the punishment
phase of a hearing to adjudicate guilt following a deferred adjudication).  The
Code of Criminal Procedure further provides that after a judge adjudicates
guilt, “all proceedings, including assessment of punishment, pronouncement of
sentence, granting of community supervision, and defendant’s appeal continue as
if the adjudication of guilt had not been deferred.”  Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b) (Vernon Supp. 2006).  Since punishment hearings after a deferred adjudication of guilt
follow the same procedural rules as punishment hearings after jury trials, the
same rules governing the admission of evidence apply to both.  Thus, evidence
deemed relevant to sentencing and admissible under Section § 3(a) can be
admitted during both the punishment phase of a jury trial and the punishment
phase of a deferred adjudication.

Murchison argues that Nina’s
testimony was not relevant because it went beyond the mere fact of his prior
criminal offense and detailed its circumstances.  Murchison argues that Section
§ 3(a) lists “the circumstances of the offense for which he is being
tried” as an example of relevant evidence, but under this rule, the
circumstances of prior offenses are not relevant.  Tex. Code Crim. Proc. Ann. art. 37.07,
§ 3(a)(1) (Vernon Supp. 2006) (emphasis added).  The statute lists evidence
relevant to sentencing as:

[I]ncluding but not limited to the prior criminal
record of the defendant, his general reputation, his character, an opinion
regarding his character, the circumstances of the offense for which he is being
tried, and, notwithstanding  Rules 404 and 405, Texas Rules of Evidence, any
other evidence of an extraneous crime or bad act that is shown beyond a
reasonable doubt by evidence to have been committed by the defendant or for
which he could be held criminally responsible, regardless of whether he has
previously been charged with or finally convicted of the crime or act. 

 

Id.  The 2007 assault is a prior crime, and Nina’s testimony
thus is admissible as “evidence of an extraneous crime,” as the statute allows.
 Evidence of prior crimes, including the circumstances of prior crimes, is
relevant in that it may assist the fact-finder in determining the appropriate
sentence.  Sims v. State, 273
S.W.3d 291, 295 (Tex. Crim. App. 2008).  Nina’s testimony
regarding the prior assault is relevant punishment evidence because it
illustrates Murchison’s propensity for family violence and that he was not
deterred by his earlier conviction.  See McClure v. State, 269
S.W.3d 114, 120 (Tex. App.—Texarkana 2008, no pet.) (finding that person’s
history of violating law is relevant consideration when assessing sentence
because it relates to defendant’s character); Fowler v. State, 126
S.W.3d 307, 311 (Tex. App.—Beaumont 2004, no pet.) (holding that evidence of prior
assaults was relevant to punishment phase because it demonstrated pattern of
conduct and assisted jury in tailoring sentence to defendant).  Murchison
argues that without this testimony, he would not have been adjudicated guilty. 
This evidence, however, was admitted during punishment, only after Murchison
was adjudicated guilty.  The evidence of Murchison’s violations of the terms of
his community supervision is sufficient to support revocation of his deferred
adjudication.  Given the trial court’s broad discretion and wide latitude in
determining the admissibility of evidence, we hold that the trial court did not
abuse its discretion in admitting Nina’s testimony. 

Ineffective Assistance of Counsel

Murchison contends that his trial
counsel was ineffective because he failed to object to Nina’s statement that
her father had been shot.[2] 
Murchison observes that the State questioned whether Nina was afraid of
Murchison immediately after Nina’s statement about her father’s shooting. According
to Murchison. This implies that he was involved in Nina’s father’s shooting. 
Murchison’s counsel did not ask Nina about the shooting or clarify whether
Murchison was involved. 

To prevail on a claim of ineffective
assistance of counsel, the defendant must show that (1) his counsel’s
performance was deficient and (2) a reasonable probability exists that the
result of the proceeding would have been different.  Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984).  The first prong of Strickland
requires the defendant to show that counsel’s performance fell below an
objective standard of reasonableness.  Thompson v. State, 9 S.W.3d 808,
812 (Tex. Crim. App. 1999).  Thus, the defendant must prove by a preponderance
of the evidence that his counsel’s representation fell below professional
standards.  Mitchell v. State, 68 S.W.3d 640, 642 (Tex. Crim. App.
2002).  The second prong requires the defendant to show a reasonable
probability that, but for counsel’s unprofessional errors, the result of the
proceeding would have been different.  See Strickland,
466 U.S. at 694, 104 S. Ct. at 2068; see also Thompson, 9 S.W.3d at
812.  In reviewing counsel’s performance, we examine the entire representation
to determine the effectiveness of counsel, indulging a strong presumption that
the attorney’s performance falls within the wide range of reasonable
professional assistance or trial strategy.  Thompson, 9 S.W.3d at 813. 
Furthermore, a claim of ineffective assistance must be firmly supported in the
record.  Id. (citing McFarland v. State, 928 S.W.2d 482, 500
(Tex. Crim. App. 1996)).  Murchison challenges defense counsel’s actions during
the punishment phase of the trial.  Strickland governs claims of ineffective
assistance during the punishment phase.  Hernandez v. State, 988 S.W.2d
770, 772 (Tex. Crim. App. 1999).

          Where the record is silent
as to counsel’s trial strategy, the reviewing court presumes that counsel made
all significant decisions in the exercise of reasonable professional judgment. 
 Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994); Broussard
v. State, 68 S.W.3d 197, 199 (Tex. App.—Houston [1st Dist.] 2002, pet.
ref’d).  Without testimony from trial counsel, we cannot meaningfully address
trial counsel’s strategic reasons for the actions that Murchison alleges
constitute ineffective assistance.  See Davis v. State, 930 S.W.2d 765,
769 (Tex. App.—Houston [1st Dist.] 1996, pet. ref’d) (holding that without
testimony from trial counsel, the reasons for counsel’s actions cannot be
meaningfully addressed).

Nina testified:

Q: Okay. How did you get here today?

A: I had one of the investigators pick me up.

Q: Why?

A: Because I feared–my father was shot last Thursday.

Q: Are you scared of your husband?

A: Yes.

 

Murchison argues that counsel’s
failure to object as to the relevance of Nina’s testimony about the shooting
incident allowed the trial court to improperly infer that Murchison was
involved in the shooting.  But nothing in the punishment hearing links
Murchison to this shooting—rather, it was offered as an explanation for
arranging for an investigator, presumably instead of her father, to accompany
her to the hearing.  We cannot conclude that defense counsel’s conduct fell
below reasonable professional standards based on this record.  Murchison fails
to show, moreover, that the outcome would have been different had counsel
objected to Nina’s statement.  Nina’s testimony as to Murchison’s numerous
contacts was sufficient to establish Murchison’s violations, regardless of the
shooting testimony.  Murchison fails to show a reasonable probability that the
outcome of his punishment hearing would have been different but for his
counsel’s failure to object and cross-examine. 

          Murchison relies on Ex
parte Felton, 815 S.W.2d 733, 735 (Tex. Crim. App. 1991), for the
proposition that a single egregious error of omission or commission may
constitute ineffective assistance of counsel.  Unlike this case, however, the
record in Felton reflected the trial counsel’s reasoning for his
actions, and thus was sufficiently developed for a full Strickland analysis. 
Id.  Also unlike this case, the error in Felton—failing to know
the law and failing to investigate a prior conviction—was egregious.  See
id. at 736.  We hold that Murchison has not established that his trial
counsel’s performance fell below a reasonable professional standard, nor that
the outcome of his trial would have been different but for counsel’s alleged
errors.  

Conclusion

We hold that the trial court did not
abuse its discretion in admitting evidence during the punishment phase about
the circumstances relating to Murchison’s earlier conviction for family
violence.  We also hold that Murchison failed to prove that his trial counsel
rendered ineffective assistance of counsel.  We therefore affirm the judgment
of the trial court.

 

 

 

                                                          Jane
Bland

                                                          Justice

 

Panel consists of Chief Justice
Radack and Justices Bland and Massengale.

Do not publish.  Tex. R. App. P. 47.4









[1]
Murchison failed object on the ground that the probative value of the evidence was outweighed by
the danger of unfair prejudice, so an analysis of the testimony’s probative
value and danger of prejudice is unnecessary.  See Montgomery v. State, 810
S.W.2d 372, 389 (Tex. Crim. App. 1990).





[2] Murchison also complains that his counsel was
ineffective because the trial court admitted Nina’s testimony regarding the
circumstances of the prior assault.  Trial counsel, however, timely objected to
this testimony, and we have held that the trial court did not err in admitting
it.  Thus, counsel was not ineffective in this regard.