IN
THE

TENTH
COURT OF APPEALS




 
 
 
 
 
 
 


 



No.
10-09-00202-CR

 

Juan
Urrabazo Rodriguez,

                                                                                    Appellant

 v.

 

The
State of Texas,

                                                                                    Appellee

 

 

 



From
the 361st District Court

Brazos County, Texas

Trial
Court No. 08-00733-CRF-361

 



MEMORANDUM  Opinion



 

Juan Rodriguez was
charged by indictment with four counts of aggravated sexual assault of a child,
with two counts alleging offenses against A.R. and two counts alleging offenses
against G.R., both of whom were Rodriguez’s granddaughters.  Before the jury
was sworn, the trial court granted the State’s request to sever, and the State
proceeded to trial on the offenses against G.R.   The jury found Rodriguez
guilty on one count and not guilty on the other, and assessed punishment at
life in prison.  Raising three issues, Rodriguez appeals.

His first issue
asserts that the trial court abused its discretion by refusing to strike for
cause a potential juror who expressed bias toward law enforcement and the
testifying detective.  We assume without deciding that the trial court erred.

Harm from the
erroneous denial of a defense challenge for cause occurs:  (1) when a defendant
uses a peremptory strike to remove a veniremember whom the trial court should
have excused for cause at the defendant’s request, (2) the defendant uses all
of his statutorily allotted peremptory strikes, and (3) the defendant
unsuccessfully requests an additional peremptory strike that he claims he would
use to remove another veniremember whom the defendant identifies as
“objectionable” and who actually sits on the jury.  Busby v. State, 253
S.W.3d 661, 670 (Tex. Crim. App. 2008).  Furthermore, the defendant must make
the trial court aware of the complaint at a time and in a manner in which it
could be corrected.  Branson v. State, No. 02-09-00212-CR, 2010 WL 4569959,
at *12 (Tex. App.—Fort Worth Nov. 4, 2010, no pet. h.) (mem. op.) (not
designated for publication) (citing Loredo v. State, 159 S.W.3d 920, 923
(Tex. Crim. App. 2004)); see also Tex.
R. App. P. 33.1.  In other words, before the jury is seated, the defendant
must have requested an additional peremptory strike that he claims he would use
to remove another veniremember whom the defendant identifies as “objectionable”
and who actually sits on the jury.  See Branson, 2010 WL 4569959, at
*12; see, e.g., Saldano v. State, 232 S.W.3d 77, 92 (Tex. Crim. App.
2007); see also Newbury v. State, 135 S.W.3d 22, 31 (Tex. Crim. App.
2004).

In this case,
after the trial court refused to grant Rodriguez’s challenge for cause to
venireperson Bolden, Rodriguez’s trial counsel requested an additional
peremptory strike, which the trial court denied.  At that time, Rodriguez’s
trial counsel did not inform the trial court of another “objectionable” veniremember
against whom an additional peremptory strike would be used.  It was only after
the jury was seated that Rodriguez’s trial counsel notified the trial court
that the denial of the extra strike forced him to take venireperson Meyer. 
Because Rodriguez’s trial counsel did not identify the objectionable
venireperson when he requested an additional peremptory strike, Rodriquez
cannot show harm.  We overrule issue one.

Issue two
asserts that the trial court failed to sufficiently inquire into the competency
of G.R., the ten-year-old complainant.  Rule of Evidence 601(a)(2) places the
power to determine a child witness’s competency into the hands of the trial
judge.  Broussard v. State, 910 S.W.2d 952, 960 (Tex. Crim. App. 1995); Tex. R. Evid. 601(a)(2).  A ruling by
the trial court will not be disturbed upon review unless an abuse of discretion
is shown.  Broussard, 910 S.W.2d at 960.  Under Rule 601, a child is
considered competent to testify unless it appears to the court that she does
not possess sufficient intellect to relate the transaction about which she will
testify.  Id.  The ability to relate encompasses both “an ability to
understand the questions asked and to frame intelligent answers” as well as “a
moral responsibility to tell the truth.”  Watson v. State, 596 S.W.2d
867, 870 (Tex. Crim. App. 1980).  In determining whether there has been an
abuse of discretion, we review the entire testimony of the witness in addition
to that given in the hearing on competency.  Clark v. State, 558
S.W.2d 887, 890 (Tex. Crim. App. 1977); Davis v. State, 268 S.W.3d 683,
699 (Tex. App.—Fort Worth 2008, pet. ref’d).

After G.R. was
sworn in, and before she began her direct testimony, the trial court sua
sponte asked her if she knew what it meant to tell the truth and if she
knew she was sworn to tell the truth, and she answered affirmatively to both
questions.  The trial court then asked her if she understood that it is a “bad
thing” if she did not tell the truth, and she said “yes.”  Rodriguez’s trial
counsel then requested the trial court to conduct further inquiry outside the
presence of the jury with regard to her ability to tell the truth, which the
trial court denied and then found G.R. to be competent.

On appeal,
Rodriguez asserts that the trial court failed to test G.R.’s ability to know
the difference between the truth and a lie.  He provides no authority that such
a test is required, and he does not point to any of her testimony that he
claims demonstrates such an inability.  Based on our review of the trial
court’s qualifying examination of G.R. and her entire testimony (which we have
reviewed), we hold that the trial court did not abuse its discretion by not
conducting a further inquiry into her competency as a witness.  See Davis,
268 S.W.3d at 699-700; De Los Santos v. State, 219 S.W.3d 71, 80-81
(Tex. App.—San Antonio 2006, no pet.).  Issue two is overruled.

In his third
issue, Rodriguez complains that extraneous-offense evidence should have been
excluded from the punishment phase because, under Rule 403, it was unfairly
prejudicial.  The evidence at issue is the testimony of three of Rodriguez’s
sisters that he sexually assaulted them and a fourth sister when they were
children and Rodriguez was a juvenile.  The acts occurred between forty-four
and sixty years before trial.

We review a
trial court’s decision to admit or exclude evidence for an abuse of
discretion.  McDonald v. State, 179 S.W.3d 571, 576 (Tex. Crim. App.
2005).  “Under an abuse of discretion standard, an appellate court should not
disturb the trial court’s decision if the ruling was within the zone of
reasonable disagreement.”  Bigon v. State, 252 S.W.3d 360, 367 (Tex.
Crim. App. 2008).

Section 3(a) of Article
37.07 of the Code of Criminal Procedure grants trial courts broad discretion to
admit evidence of extraneous crimes or bad acts during the punishment phase.  The
relevant statutory language is:

[E]vidence
may be offered by the state and the defendant as to any matter the court deems
relevant to sentencing, including but not limited to the prior criminal record
of the defendant, his general reputation, his character, an opinion regarding
his character, the circumstances of the offense for which he is being tried,
and, notwithstanding Rules 404 and 405, Texas Rules of Evidence, any other
evidence of an extraneous crime or bad act that is shown beyond a reasonable doubt
by evidence to have been committed by the defendant or for which he could be
held criminally responsible, regardless of whether he has previously been
charged with or finally convicted of the crime or act.

 

Tex. Code Crim.
Proc. Ann. art. 37.07, §
3(a) (Vernon Supp. 2010).

 

“[T]he
admissibility of evidence at the punishment phase of a non-capital felony
offense” trial “is” really “a function of policy rather than relevance.”  Rodriguez
v. State, 203 S.W.3d 837, 842 (Tex. Crim. App. 2006); accord Miller-El
v. State, 782 S.W.2d 892, 894-95 (Tex. Crim. App. 1990).  “Evidence is
‘relevant to sentencing,’ within the meaning of” Article 37.07, Section 3(a),
“if the evidence is ‘helpful to the jury in determining the appropriate
sentence for a particular defendant in a particular case.’”  McGee v. State,
233 S.W.3d 315, 318 (Tex. Crim. App. 2007) (quoting Rodriguez, 203
S.W.3d at 842).  The test for relevancy is much broader during the punishment
phase because it allows a jury to consider more evidence in exercising its
discretion to assess punishment within the appropriate range.  See Murphy v.
State, 777 S.W.2d 44, 63 (Tex. Crim. App. 1988) (op. on reh’g).  Section
3(a) of Article 37.07 contains no time restriction on punishment evidence.  Fowler
v. State, 126 S.W.3d 307, 310-11 (Tex. App.—Beaumont 2004, no pet.).

“Rule 403
creates a presumption of admissibility of all relevant evidence and authorizes
a trial judge to exclude such evidence only when there is a ‘clear disparity
between the degree of prejudice of the offered evidence and its probative
value.’”  Mozon v. State, 991 S.W.2d 841, 847 (Tex. Crim. App. 1999); see
Hammer v. State, 296 S.W.3d 555, 568 (Tex. Crim. App. 2009).  “’Unfair
prejudice’ does not, of course, mean that the evidence injures the opponent’s
case—the central point of offering evidence.  Rather it refers to ‘an undue
tendency to suggest decision on an improper basis, commonly, though not
necessarily, an emotional one.’”  Rogers v. State, 991 S.W.2d 263, 266
(Tex. Crim. App. 1999) (quoting Cohn v. State, 549 S.W.2d 817, 820 (Tex.
Crim. App. 1993)).

A Rule 403
analysis should include, but is not limited to, the following factors: (1) how
probative the evidence is; (2) the potential of the evidence to impress the
jury in some irrational, but nevertheless indelible way; (3) the time the
proponent needs to develop the evidence; and (4) the proponent’s need for the
evidence.  Shuffield v. State, 189 S.W.3d 782, 787 (Tex. Crim. App.
2006); see also Gigliobianco v. State, 210 S.W.3d 637, 641-42 (Tex.
Crim. App. 2006).

Other punishment
evidence, in addition to Rodriguez’s three sisters’ testimony, included
testimony from G.R.’s two sisters that they also had been similarly sexually
assaulted by Rodriguez (their grandfather).  Rodriguez’s wife testified that
their daughter had made allegations of sexual abuse by Rodriguez and had
received counseling related to those allegations.  Also, evidence was presented
that Rodriguez, who had been a probation officer and job counselor for
probationers, had been sexually inappropriate with a probation applicant and a
probationer and resigned employment each time over those allegations.

Because of this
other punishment evidence, we agree with Rodriguez that the State did not have
a great need for Rodriguez’s sisters’ testimony.  The other factors, however,
weigh in favor of admissibility.  The sisters’ testimony was quite probative of
the punishment issue before the jury—the appropriate sentence for a particular
defendant in a particular case—as it demonstrated a pattern of conduct over
many years.  See Fowler, 126 S.W.3d at 311.  Their testimony did not
occupy an undue amount of time, and it did not have the potential to impress
the jury in some irrational, but nevertheless indelible way.  Rather, it was
“precisely the type of evidence deemed relevant to the determination of
sentencing by the Legislature.”  Bain v. State, 115 S.W.3d 47, 50 (Tex.
App.—Texarkana 2003, pet. ref’d); see Fowler, 126 S.W.3d at 311 (“Evidence
of defendant’s prior assaults certainly had a tendency to cause a jury to
increase his punishment.  But that was its legitimate purpose.”).

The trial
court’s decision to admit the sisters’ testimony over Rodriguez’s Rule 403
objection was not an abuse of discretion.  See, e.g., Fowler, 126 S.W.3d
at 311; Bain, 115 S.W.3d at 50; Taylor v. State, 970 S.W.2d 98,
102-03 (Tex. App.—Fort Worth 1998, pet. ref’d).  We overrule issue three.

Having overruled
all of Rodriguez’s issues, we affirm the trial court’s judgment.

 

 

 

REX D. DAVIS

Justice

 

Before Chief Justice Gray,

Justice Davis, and

Justice Scoggins

Affirmed

Opinion delivered and filed February 2,
2011

Publish

[CRPM]






alyze, argue or provide authority to establish that his protection under
the Tex. Const. art. I, § 9 exceeds or differs from the protection provided to
him by the Fourth Amendment.” (citing Olivarez v. State, 171 S.W.3d 283, 288 fn. 2 (Tex. App.—Houston [14th Dist.]
2005, no pet.)).  Because we agree, we will not address Howard’s argument on
state constitutional grounds.  See Arnold v. State, 873 S.W.2d 27, 33
(Tex. Crim. App. 1993).