

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-20-00052-CR

_____

LINDA DOOLEY, Appellant

V.

THE STATE OF TEXAS, Appellee

---

On Appeal from the 202nd District Court
Bowie County, Texas
Trial Court No. 19F1340-202

---

Before Morriss, C.J., Stevens and Carter,* JJ.
Memorandum Opinion by Chief Justice Morriss

---

*Jack Carter, Justice, Retired, Sitting by Assignment

MEMORANDUM OPINION

After a jury convicted Linda Dooley of trafficking of persons, she was sentenced to life in prison and ordered to pay a $10,000.00 fine. Dooley appeals, maintaining that her counsel rendered ineffective assistance during the punishment phase of her trial by failing to object to evidence of an extraneous offense. Dooley also argues, and the State concedes, that the trial court's judgment should be modified to correctly reflect the statute under which Dooley was convicted.

We modify the trial court's judgment to reflect that Dooley was convicted pursuant to Section 20A.02(a)(7) of the Texas Penal Code and affirm the judgment, as modified, because (1) Dooley has failed to establish her claim of ineffective assistance of counsel, but (2) the trial court's judgment must be modified to reflect the correct statute under which Dooley was convicted.

After the guilt/innocence portion of Dooley's trial had concluded with her conviction, the trial moved into the punishment phase. Initially, the State introduced, by virtue of a stipulation with Dooley, the following exhibits: (1) Miller County, Arkansas, sentencing order related to Dooley's 2002 conviction of felony theft of property, sentencing Dooley to seventy-two month's confinement in prison; (2) a Bowie County misdemeanor community supervision order, placing Dooley on community supervision in 2000 for possession of marihuana; (3) a 2009 order, sentencing Dooley to thirty days confinement in the Bowie County jail for a misdemeanor conviction; (4) a 2011 judgment of conviction for forgery, sentencing Dooley to two years' confinement in state jail, but suspending her sentence and placing her on community supervision

2

for five years; (5) a 2011 judgment revoking her community supervision and placing Dooley in state jail for two years; (6) another 2011 judgment of conviction for forgery, ordering Dooley to spend two years' confinement in state jail; (7) a 2015 order, sentencing Dooley to twelve days' confinement in the Bowie County jail as a result of a misdemeanor conviction; (8) a 2016 order, sentencing Dooley to twenty-eight days' confinement in the Bowie County jail for a misdemeanor conviction; (9) a 2015 order from Louisiana, sentencing Dooley to fifteen days' confinement in jail for prostitution; and (10) a 2012 Miller County, Arkansas, sentencing order, sentencing Dooley to ninety-six months in prison for another felony forgery conviction.

Next, Les Munn, a traffic investigator with the Texarkana, Arkansas, Police Department, testified that he had an encounter with Dooley in 2013 that involved a traffic stop in which Dooley fled the scene in a residential area, reaching a speed of sixty-five miles per hour. The chase culminated in an accident, with Dooley crashing into a sports utility vehicle (SUV) and injuring the family inside the SUV.[1] At that point, Dooley fled, but Munn and other officers were able to locate her about five to ten minutes later and place her under arrest. Dooley was taken to the hospital. Munn said he believed Dooley was impaired by an intoxicant, either drugs or alcohol. Dooley admitted to having consumed marihuana before driving. Following Dooley's arrest for driving while intoxicated, leaving the scene of an injury accident, fleeing, reckless driving, and refusing to submit to chemical testing, Munn discovered that Dooley also had

---

[1]After hitting the SUV and flipping it over, Dooley's vehicle spun out of control and ran into a day school, which resulted in damage to the school property.

pending warrants for her arrest. In addition, Munn testified that Dooley had been convicted of theft of a vehicle, for which she was sentenced to six years' confinement in prison.[2]

Finally, X.D., who was twenty-four years old at the time of trial, testified that, when he was a child, Dooley lived in an apartment downstairs from his family's apartment. X.D. testified that, when he was about ten or eleven years of age, he was in Dooley's apartment watching television when Dooley engaged in sexual contact with X.D. in various ways not relevant here. The incident ended when another child caught Dooley, "and then [Dooley] just jumped up and went in the kitchen." Dooley told X.D. not to tell anyone what she had done to him. X.D. said that Dooley was subsequently arrested for aggravated sexual assault of a child but that she was never actually prosecuted.

After its deliberations, the jury assessed Dooley's punishment as confinement in prison for life and a $10,000.00 fine. This appeal followed.

*(1)*  *Dooley Has Failed to Establish Her Claim of Ineffective Assistance of Counsel*

Dooley maintains that she received ineffective assistance of counsel because her counsel failed to object to the extraneous-offense evidence regarding Dooley's sexual assault of X.D. To prevail on a claim of ineffective assistance of counsel, an appellant must establish by a preponderance of the evidence both deficient performance by counsel and prejudice suffered by the appellant. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Nava v. State*, 415 S.W.3d 289, 307 (Tex. Crim. App. 2013). The first *Strickland* prong requires a demonstration that trial counsel's performance failed to meet an objective standard of reasonableness under prevailing

---

[2]Additional officers testified to Dooley's involvement with law enforcement, her generally poor reputation in the community of law enforcement, and her involvement in prostitution and other criminal activity.

4

professional norms. *Strickland*, 466 U.S. at 687–88; *Nava*, 415 S.W.3d at 307. The second, prejudice, prong requires a showing of a reasonable probability—one sufficient to undermine confidence in the outcome—that the result of the proceeding would have been different but for the deficient performance under the first prong. *Strickland*, 466 U.S. at 694; *Nava*, 415 S.W.3d at 308. Failure to establish either prong defeats the claim. *Strickland*, 466 U.S. at 700; *Perez v. State*, 310 S.W.3d 890, 893 (Tex. Crim. App. 2010).

We review trial counsel's representation in a highly deferential manner and presume that such representation was within a wide range of reasonable assistance. *Tong v. State*, 25 S.W.3d 707, 712 (Tex. Crim. App. 2000). "Any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness." *Thomas v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). "Under normal circumstances, the record on direct appeal will not be sufficient to show that counsel's representation was so deficient and so lacking in tactical or strategic decision making as to overcome the presumption that counsel's conduct was reasonable and professional." *Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002).

Specifically, Dooley maintains that her trial counsel was ineffective for failing to object under Rule 403 to the admission of X.D.'s testimony regarding Dooley's sexual assault of X.D., which occurred, according to Dooley, fifteen years before the time of trial.[3] Dooley contends that, even if the evidence had been relevant, based on the "large time-gap" between the

---

[3]Dooley maintains that the extraneous offense occurred almost fifteen years *before trial*. Yet, considering that the indictment alleged that Dooley trafficked until March 14, 2019, the extraneous offense and the charged offense occurred not more than eight years apart.

5

extraneous offense[4] and the charged offense, X.D.'s testimony was inherently inflammatory and had the potential to unfairly prejudice her. According to Dooley, her trial counsel's failure to object to the extraneous-offense evidence amounted to ineffective assistance.

When making an ineffective-assistance claim for counsel's failure to object, an appellant must demonstrate that, if trial counsel had objected, the trial court would have committed error in refusing to sustain the objection. *Vaughn v. State*, 931 S.W.2d 564, 566 (Tex. Crim. App. 1996). In this case, the trial court could have properly overruled the objection that Dooley claims her counsel should have made.

It is well-settled that a trial court is afforded a wide range of discretion within which to admit or exclude evidence. *Wilder v. State*, 111 S.W.3d 249, 255 (Tex. App.—Texarkana 2003, pet. ref'd). As a reviewing court, we will not reverse a trial court's decision to admit or exclude evidence absent a showing that the lower court abused its discretion. If the trial court's decision falls within the zone of reasonable disagreement, that decision will not be disturbed. *Green v. State*, 934 S.W.2d 92, 102 (Tex. Crim. App. 1996); *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990) (op. on reh'g).

The Texas Rules of Evidence favor the admission of all relevant evidence at trial. TEX. R. EVID. 402. "Relevant evidence" is evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence. TEX. R. EVID. 401. Yet, even relevant evidence may be

---

[4]"An extraneous offense is any act of misconduct, whether resulting in prosecution or not, which is not shown in the charging instrument and which was to have been committed by the accused." *Hernandez v. State*, 817 S.W.2d 744, 746 (Tex. App.—Houston [1st Dist.] 1994, no pet.).

excluded if the probative value of that otherwise relevant evidence is "substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence." TEX. R. EVID. 403. "'[U]nfair prejudice' refers to 'an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one.'" *Erazo v. State*, 144 S.W.3d 487, 501–02 (Tex. Crim. App. 2004) (quoting *Rogers v. State*, 991 S.W.2d 263, 266 (Tex. Crim. App. 1999)). During the punishment phase,

> "[a] rule 403 balancing test includes, but is not limited to, four factors: (1) the probative value of the evidence, or how compelling the extraneous-offense evidence serves to make a fact of consequence more or less probable; (2) the potential to impress the jury in some irrational yet indelible way; (3) the time needed to develop the evidence; and (4) the proponent's need for the evidence.

*Beham v. State*, 476 S.W.3d 724, 737 (Tex. App.—Texarkana 2015, no pet.) (quoting *Flores v. State*, 440 S.W.3d 180, 199–200 (Tex. App.—Houston [14th Dist.] 2013), *vacated on other grounds*, 427 S.W.3d 399 (Tex. Crim. App. 2014)).

Further, the Texas Court of Criminal Appeals has offered the following explanation of the meaning of Article 37.07 of the Texas Code of Criminal Procedure[5] and its relevancy parameters with respect to evidence admitted during a punishment trial:

---

[5]Article 37.07, Section 3(a)(1), states, in part,

> Regardless of the plea and whether the punishment be assessed by the judge or jury, evidence may be offered by the state and the defendant as to any matter the court deems relevant to sentencing, including but not limited to . . . the circumstances of the offense for which he is being tried, and notwithstanding Rules 404 and 405, Texas Rules of Evidence, any other evidence of an extraneous crime or bad act that is shown beyond a reasonable doubt by evidence to have been committed by the defendant or for which he could be held criminally responsible, regardless of whether he has previously been charged with or finally convicted of the crime or act.

TEX. CODE CRIM. PROC. ANN. art. 37.07, § 3(a)(1) (Supp.).

Article 37.07, § 3(a)(1) allows for admission of any evidence the trial court "deems *relevant* to sentencing." The Legislature has expressly provided that "relevant" punishment evidence includes, but is not limited to, both character evidence in the form of opinion testimony as well as extraneous-offense evidence. Because there are no discrete fact issues at the punishment phase of a non-capital trial, we have ruled that the definition of "relevant," as stated in Rule 401 of the Texas Rules of Evidence, does not readily apply to Article 37.07. What is "relevant" to the punishment determination is simply that which will assist the fact-finder in deciding the appropriate sentence in a particular case. When the jury assesses punishment, it must be able to tailor the sentence to the particular defendant, and relevance is simply "a question of what is helpful to the jury in determining the appropriate sentence for a particular defendant in a particular case."

*Sims v. State*, 273 S.W.3d 291, 295 (Tex. Crim. App. 2008) (citations omitted). Thus, a person's history of violating the law is undoubtedly a relevant factor for a jury to consider when assessing a sentence because it relates to the defendant's character. *Fowler v. State*, 126 S.W.3d 307, 310 (Tex. App.—Beaumont 2004, no pet.). Juries should also be able to consider a person's criminal history. *Lujan v. State*, 626 S.W.2d 854, 864 (Tex. App.—San Antonio 1981, pet. ref'd).

Here, the evidence regarding X.D., who was a child at the time Dooley allegedly sexually assaulted him, was relevant, not only in addressing Dooley's character, but also in that it was an example of a sexually related offense committed by Dooley against another child, it helped to establish a pattern of sexual criminal conduct, and it informed the punishment decision. And, although the complained-of evidence occurred around 2011 or 2012—not more than eight years before the offense for which Dooley was being tried—that offense, along with Dooley's extensive criminal history, which notably included a 2015 conviction for prostitution, demonstrated Dooley's complete disregard for the law over a period of many years, as well as her ongoing propensity to use children for her own advantage, both sexually and financially.

8

Moreover, the State neither spent an inordinate amount of time presenting X.D. as its witness nor emphasized X.D.'s testimony to any great extent in its closing argument. X.D.'s testimony may have encouraged the jury to increase Dooley's punishment, but that is merely a legitimate purpose for the State's presentation of the evidence.[6] And, as the State points out, the jury was free to consider the remoteness in time between the extraneous offense and the charged offense when weighing the significance of each piece of the State's evidence relating to Dooley's punishment.

Therefore, we find that the trial court could have properly admitted X.D.'s testimony over an objection during the punishment phase of Dooley's trial. The trial court could have concluded that the probative value of the extraneous-offense evidence was not substantially outweighed by any unfair prejudice resulting from the admission of the evidence. Because the trial court would not have abused its discretion by admitting X.D.'s testimony over an objection, Dooley's trial counsel did not render ineffective assistance for failing to object to it.

Moreover, even if the trial court would have erred in allowing the extraneous-offense evidence over an objection, Dooley's argument is meritless for another reason. Dooley's complaints directed at her trial counsel involve decisions that may or may not be grounded in

---

[6]See *Fowler v. State*, 126 S.W.3d 307, 311 (Tex. App.—Beaumont 2004, no pet.). In *Fowler*, the Beaumont Court of Appeals explained,

> Appellant provides no specific authority for his remoteness argument in this context. Even assuming as a general proposition that the probative value of evidence in some context conceivably could be diminished by the passage of time, the argument is not persuasive here. The evidence showed a pattern of conduct over a ten year period of time. And the Legislature has determined under art. 37.07, section 3 that extraneous offenses and bad acts may be introduced for the purpose of assisting the jury in assessing punishment. That statute does not provide a time restriction.

*Id.*

9

trial strategy.[7]  Clearly, the record does not reflect her counsel's reasoning for doing or failing to do the things of which Dooley now complains.  In situations such as this one, the issues would be better presented in a post-conviction application for a writ of habeas corpus pursuant to Article 11.07 of the Texas Code of Criminal Procedure.  *See* TEX. CODE CRIM. PROC. ANN. art. 11.07; *Ex parte Torres*, 943 S.W.2d 469, 475–76 (Tex. Crim. App. 1997); *see also Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999) ("A substantial risk of failure accompanies an appellant's claim of ineffective assistance of counsel on direct appeal.  Rarely will a reviewing court be provided the opportunity to make its determination on direct appeal with a record capable of providing a fair evaluation of the merits of the claim . . . .").  Because counsel's failure to raise an objection was not shown to be deficient and could have been part of a rational trial strategy, Dooley failed to meet the requirements of the first *Strickland* prong.[8]

We overrule this point of error.

*(2)*        *The Judgment Must Be Modified to Reflect the Correct Statute of Conviction*

While the trial court's judgment against Dooley provides a correct shorthand description of the offense for which he was convicted, "Trafficking Child Engage Conduct/Sex/Benefit," the judgment incorrectly listed the statute for the offense as Section 20A.02(a)(8) of the Texas Penal Code.  *See* TEX. PENAL CODE ANN. 20A.02(8) (Supp.).  Our review of the record shows the

---

[7]Although the record does not provide counsel's reasoning for his failure to object, counsel could have determined that an objection (1) would have unnecessarily emphasized the extraneous offense to the jury, (2) would have allowed the jury to believe that Dooley was hiding something, or (3) would have prompted the production of additional evidence that might have been detrimental to Dooley's defense.

[8]Since Dooley did not meet the first *Strickland* prong, it is unnecessary for us to address the second prong.

correct offense to be set out in subsection (a)(7) of that section. *See* TEX. PENAL CODE ANN. § 20A.02(a)(7) (Supp.). The State concedes the mistake.

Dooley's suggested modification of the trial court's judgment is appropriate. We have authority to modify the judgment to make the record speak the truth when the matter has been called to our attention by any source. TEX. R. APP. P. 43.2; *French v. State*, 803 S.W.2d 607, 609 (Tex. Crim. App. 1992). Accordingly, we modify the judgment to reflect that Dooley was convicted pursuant to Section 20A.02(a)(7) of the Texas Penal Code, not Section 20A.02(a)(8) as previously reflected in the judgment.

We affirm the trial court's judgment, as modified.

Josh R. Morriss, III
Chief Justice

Date Submitted:     October 12, 2020
Date Decided:       October 20, 2020

Do Not Publish