

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-24-00009-CR

———————————————

ANDREW JAMES GARIBAY, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 90th District Court
Young County, Texas
Trial Court No. CR11982

Before Sudderth, C.J.; Wallach and Walker, JJ.
Memorandum Opinion by Justice Wallach

## MEMORANDUM OPINION

A jury found Appellant Andrew James Garibay guilty of continuous sexual abuse of a child under fourteen years of age and assessed his punishment at 70 years' imprisonment. *See* Tex. Penal Code Ann. § 21.02(b). The trial court sentenced Garibay in accordance with the verdict.

On appeal, in one issue, Garibay contends that the trial court abused its discretion during the punishment trial when it admitted evidence of extraneous offenses or bad acts. Because Garibay did not object to the complained-of testimony, he has not preserved error. *See* Tex. R. App. P. 33.1. Assuming he had preserved error, his complaint has no merit. *See* Tex. Code Crim. Proc. Ann. art. 37.07, § 3(a)(1). We overrule his issue and affirm the trial court's judgment.

## I. BACKGROUND

- **Offense Trial**

During the offense trial (sometimes imprecisely referred to as the guilt–innocence trial), outside the jury's presence, the State proffered the testimony of two witnesses who asserted that Garibay had sexually assaulted them when they were adults. *See id.* art. 38.37. Objecting to the admission of their testimony, Garibay argued that the probative value of the proposed testimony was substantially outweighed by the danger of unfair prejudice. *See* Tex. R. Evid. 403. After hearing the two witnesses' testimony and the parties' arguments, the trial court took the matter under

advisement. Ultimately, the proffered testimony never came in during the offense trial.

- **Punishment Trial**

During the punishment trial, both witnesses testified about how Garibay had sexually assaulted them as adults. Garibay did not object to their testimony during the punishment trial.

## II. DISCUSSION

On appeal, Garibay asserts that his Rule 403 objection during the offense trial preserved his complaint about evidence admitted during the punishment trial. *See id.* Garibay has not cited any authority for the proposition that an objection raised during the offense trial can be transposed into the trial on punishment.

- **Not Preserved**

The basis for admitting an extraneous offense during the offense trial, *see* Tex. Code Crim. Proc. Ann. art. 38.37, is different from the basis for admitting an extraneous offense during the punishment trial, *see id.* art. 37.07, § 3(a)(1). During the punishment trial, Garibay never argued that the probative value of the extraneous offenses or bad acts was substantially outweighed by the danger of unfair prejudice. The purpose of an objection is to give opposing counsel an opportunity to respond and to give the trial court an opportunity to rule. *Null v. State*, 690 S.W.3d 305, 318 (Tex. Crim. App. 2024). Neither opposing counsel nor the trial court had that

3

opportunity here. We hold that Garibay has not preserved his complaint. *See* Tex. R. App. P. 33.1; *Chauncey v. State*, No. 14-13-00950-CR, 2015 WL 3982858, at *7 (Tex. App.—Houston [14th Dist.] June 30, 2015, pet. ref'd) (mem. op., not designated for publication).

- **Assuming Error Preserved**

Assuming Garibay had preserved error, his complaint has no merit. Under Section 3(a)(1) of Article 37.07, during the punishment trial, any matter the trial court deems relevant to sentencing may be offered into evidence. *See* Tex. Code Crim. Proc. Ann. art. 37.07, § 3(a)(1); *Beham v. State*, 559 S.W.3d 474, 478–79 (Tex. Crim. App. 2018). To allow juries to tailor appropriate punishments, the legislature has expressly permitted evidence of unadjudicated extraneous crimes and bad acts. *Sanders v. State*, 422 S.W.3d 809, 815 (Tex. App.—Fort Worth 2014, pet. ref'd) (citing Tex. Code Crim. Proc. Ann. art. 37.07, § 3(a)(1)). Relevance in the context of a punishment trial is not the same as relevance in the context of an offense trial. *See Fowler v. State*, 126 S.W.3d 307, 311 (Tex. App.—Beaumont 2004, no pet.) (referring to Tex. R. Evid 401). While we agree that the extraneous offenses and bad acts were prejudicial, in the context of a punishment trial, we disagree that they were unfairly prejudicial. *See Cohn v. State*, 849 S.W.2d 817, 820 (Tex. Crim. App. 1993); *Gomez v. State*, No. 02-17-00089-CR, 2018 WL 547626, at 2 n.3 (Tex. App.—Fort Worth Jan. 25, 2018, no pet.) (mem. op., not designated for publication). Accordingly, assuming Garibay had preserved his

Rule 403 objection, the trial court did not abuse its discretion by overruling Garibay's objection. *See Fowler*, 126 S.W.3d at 311.

### III.  CONCLUSION

We overrule Garibay's sole issue and affirm the trial court's judgment.


/s/ Mike Wallach
Mike Wallach
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  August 22, 2024