

# IN THE
# TENTH COURT OF APPEALS

## No. 10-09-00202-CR

JUAN URRABAZO RODRIGUEZ,

Appellant

v.

THE STATE OF TEXAS,

Appellee

From the 361st District Court
Brazos County, Texas
Trial Court No. 08-00733-CRF-361

## MEMORANDUM  OPINION

Juan Rodriguez was charged by indictment with four counts of aggravated sexual assault of a child, with two counts alleging offenses against A.R. and two counts alleging offenses against G.R., both of whom were Rodriguez's granddaughters.  Before the jury was sworn, the trial court granted the State's request to sever, and the State proceeded to trial on the offenses against G.R.   The jury found Rodriguez guilty on one count and not guilty on the other, and assessed punishment at life in prison.  Raising three issues, Rodriguez appeals.

His first issue asserts that the trial court abused its discretion by refusing to strike for cause a potential juror who expressed bias toward law enforcement and the testifying detective. We assume without deciding that the trial court erred.

Harm from the erroneous denial of a defense challenge for cause occurs: (1) when a defendant uses a peremptory strike to remove a veniremember whom the trial court should have excused for cause at the defendant's request, (2) the defendant uses all of his statutorily allotted peremptory strikes, and (3) the defendant unsuccessfully requests an additional peremptory strike that he claims he would use to remove another veniremember whom the defendant identifies as "objectionable" and who actually sits on the jury. *Busby v. State,* 253 S.W.3d 661, 670 (Tex. Crim. App. 2008). Furthermore, the defendant must make the trial court aware of the complaint at a time and in a manner in which it could be corrected. *Branson v. State,* No. 02-09-00212-CR, 2010 WL 4569959, at *12 (Tex. App.—Fort Worth Nov. 4, 2010, no pet. h.) (mem. op.) (not designated for publication) (citing *Loredo v. State,* 159 S.W.3d 920, 923 (Tex. Crim. App. 2004)); *see also* TEX. R. APP. P. 33.1. In other words, before the jury is seated, the defendant must have requested an additional peremptory strike that he claims he would use to remove another veniremember whom the defendant identifies as "objectionable" and who actually sits on the jury. *See Branson,* 2010 WL 4569959, at *12; *see, e.g., Saldano v. State,* 232 S.W.3d 77, 92 (Tex. Crim. App. 2007); *see also Newbury v. State,* 135 S.W.3d 22, 31 (Tex. Crim. App. 2004).

In this case, after the trial court refused to grant Rodriguez's challenge for cause to venireperson Bolden, Rodriguez's trial counsel requested an additional peremptory

strike, which the trial court denied. At that time, Rodriguez's trial counsel did not inform the trial court of another "objectionable" veniremember against whom an additional peremptory strike would be used. It was only after the jury was seated that Rodriguez's trial counsel notified the trial court that the denial of the extra strike forced him to take venireperson Meyer. Because Rodriguez's trial counsel did not identify the objectionable venireperson when he requested an additional peremptory strike, Rodriquez cannot show harm. We overrule issue one.

Issue two asserts that the trial court failed to sufficiently inquire into the competency of G.R., the ten-year-old complainant. Rule of Evidence 601(a)(2) places the power to determine a child witness's competency into the hands of the trial judge. *Broussard v. State*, 910 S.W.2d 952, 960 (Tex. Crim. App. 1995); TEX. R. EVID. 601(a)(2). A ruling by the trial court will not be disturbed upon review unless an abuse of discretion is shown. *Broussard,* 910 S.W.2d at 960. Under Rule 601, a child is considered competent to testify unless it appears to the court that she does not possess sufficient intellect to relate the transaction about which she will testify. *Id*. The ability to relate encompasses both "an ability to understand the questions asked and to frame intelligent answers" as well as "a moral responsibility to tell the truth." *Watson v. State*, 596 S.W.2d 867, 870 (Tex. Crim. App. 1980). In determining whether there has been an abuse of discretion, we review the entire testimony of the witness in addition to that given in the hearing on competency. *Clark v. State*, 558 S.W.2d 887, 890 (Tex. Crim. App. 1977); *Davis v. State,* 268 S.W.3d 683, 699 (Tex. App.—Fort Worth 2008, pet. ref'd).

After G.R. was sworn in, and before she began her direct testimony, the trial court *sua sponte* asked her if she knew what it meant to tell the truth and if she knew she was sworn to tell the truth, and she answered affirmatively to both questions. The trial court then asked her if she understood that it is a "bad thing" if she did not tell the truth, and she said "yes." Rodriguez's trial counsel then requested the trial court to conduct further inquiry outside the presence of the jury with regard to her ability to tell the truth, which the trial court denied and then found G.R. to be competent.

On appeal, Rodriguez asserts that the trial court failed to test G.R.'s ability to know the difference between the truth and a lie. He provides no authority that such a test is required, and he does not point to any of her testimony that he claims demonstrates such an inability. Based on our review of the trial court's qualifying examination of G.R. and her entire testimony (which we have reviewed), we hold that the trial court did not abuse its discretion by not conducting a further inquiry into her competency as a witness. *See Davis*, 268 S.W.3d at 699-700; *De Los Santos v. State*, 219 S.W.3d 71, 80-81 (Tex. App.—San Antonio 2006, no pet.). Issue two is overruled.

In his third issue, Rodriguez complains that extraneous-offense evidence should have been excluded from the punishment phase because, under Rule 403, it was unfairly prejudicial. The evidence at issue is the testimony of three of Rodriguez's sisters that he sexually assaulted them and a fourth sister when they were children and Rodriguez was a juvenile. The acts occurred between forty-four and sixty years before trial.

We review a trial court's decision to admit or exclude evidence for an abuse of discretion. *McDonald v. State,* 179 S.W.3d 571, 576 (Tex. Crim. App. 2005). "Under an abuse of discretion standard, an appellate court should not disturb the trial court's decision if the ruling was within the zone of reasonable disagreement." *Bigon v. State,* 252 S.W.3d 360, 367 (Tex. Crim. App. 2008).

Section 3(a) of Article 37.07 of the Code of Criminal Procedure grants trial courts broad discretion to admit evidence of extraneous crimes or bad acts during the punishment phase. The relevant statutory language is:

> [E]vidence may be offered by the state and the defendant as to any matter the court deems relevant to sentencing, including but not limited to the prior criminal record of the defendant, his general reputation, his character, an opinion regarding his character, the circumstances of the offense for which he is being tried, and, notwithstanding Rules 404 and 405, Texas Rules of Evidence, any other evidence of an extraneous crime or bad act that is shown beyond a reasonable doubt by evidence to have been committed by the defendant or for which he could be held criminally responsible, regardless of whether he has previously been charged with or finally convicted of the crime or act.

TEX. CODE CRIM. PROC. ANN. art. 37.07, § 3(a) (Vernon Supp. 2010).

"[T]he admissibility of evidence at the punishment phase of a non-capital felony offense" trial "is" really "a function of policy rather than relevance." *Rodriguez v. State,* 203 S.W.3d 837, 842 (Tex. Crim. App. 2006); *accord Miller-El v. State,* 782 S.W.2d 892, 894-95 (Tex. Crim. App. 1990). "Evidence is 'relevant to sentencing,' within the meaning of" Article 37.07, Section 3(a), "if the evidence is 'helpful to the jury in determining the appropriate sentence for a particular defendant in a particular case.'" *McGee v. State,* 233 S.W.3d 315, 318 (Tex. Crim. App. 2007) (quoting *Rodriguez,* 203 S.W.3d at 842). The test for relevancy is much broader during the punishment phase because it allows a jury

to consider more evidence in exercising its discretion to assess punishment within the appropriate range. *See Murphy v. State,* 777 S.W.2d 44, 63 (Tex. Crim. App. 1988) (op. on reh'g). Section 3(a) of Article 37.07 contains no time restriction on punishment evidence. *Fowler v. State,* 126 S.W.3d 307, 310-11 (Tex. App.—Beaumont 2004, no pet.).

"Rule 403 creates a presumption of admissibility of all relevant evidence and authorizes a trial judge to exclude such evidence only when there is a 'clear disparity between the degree of prejudice of the offered evidence and its probative value.'" *Mozon v. State,* 991 S.W.2d 841, 847 (Tex. Crim. App. 1999); *see Hammer v. State,* 296 S.W.3d 555, 568 (Tex. Crim. App. 2009). "'Unfair prejudice' does not, of course, mean that the evidence injures the opponent's case—the central point of offering evidence. Rather it refers to 'an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one.'" *Rogers v. State,* 991 S.W.2d 263, 266 (Tex. Crim. App. 1999) (quoting *Cohn v. State,* 549 S.W.2d 817, 820 (Tex. Crim. App. 1993)).

A Rule 403 analysis should include, but is not limited to, the following factors: (1) how probative the evidence is; (2) the potential of the evidence to impress the jury in some irrational, but nevertheless indelible way; (3) the time the proponent needs to develop the evidence; and (4) the proponent's need for the evidence. *Shuffield v. State,* 189 S.W.3d 782, 787 (Tex. Crim. App. 2006); *see also Gigliobianco v. State,* 210 S.W.3d 637, 641-42 (Tex. Crim. App. 2006).

Other punishment evidence, in addition to Rodriguez's three sisters' testimony, included testimony from G.R.'s two sisters that they also had been similarly sexually

assaulted by Rodriguez (their grandfather). Rodriguez's wife testified that their daughter had made allegations of sexual abuse by Rodriguez and had received counseling related to those allegations. Also, evidence was presented that Rodriguez, who had been a probation officer and job counselor for probationers, had been sexually inappropriate with a probation applicant and a probationer and resigned employment each time over those allegations.

Because of this other punishment evidence, we agree with Rodriguez that the State did not have a great need for Rodriguez's sisters' testimony. The other factors, however, weigh in favor of admissibility. The sisters' testimony was quite probative of the punishment issue before the jury—the appropriate sentence for a particular defendant in a particular case—as it demonstrated a pattern of conduct over many years. *See Fowler*, 126 S.W.3d at 311. Their testimony did not occupy an undue amount of time, and it did not have the potential to impress the jury in some irrational, but nevertheless indelible way. Rather, it was "precisely the type of evidence deemed relevant to the determination of sentencing by the Legislature." *Bain v. State*, 115 S.W.3d 47, 50 (Tex. App.—Texarkana 2003, pet. ref'd); *see Fowler*, 126 S.W.3d at 311 ("Evidence of defendant's prior assaults certainly had a tendency to cause a jury to increase his punishment. But that was its legitimate purpose.").

The trial court's decision to admit the sisters' testimony over Rodriguez's Rule 403 objection was not an abuse of discretion. *See, e.g., Fowler*, 126 S.W.3d at 311; *Bain*, 115 S.W.3d at 50; *Taylor v. State*, 970 S.W.2d 98, 102-03 (Tex. App.—Fort Worth 1998, pet. ref'd). We overrule issue three.

Having overruled all of Rodriguez's issues, we affirm the trial court's judgment.


REX D. DAVIS
Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Affirmed
Opinion delivered and filed February 2, 2011
Publish
[CRPM]