

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-14-00143-CR

NORMAN LEE OLSON II
APPELLANT

V.

THE STATE OF TEXAS
STATE

----------

### FROM THE 97TH DISTRICT COURT OF CLAY COUNTY
### TRIAL COURT NO. 2013-0036C-CR

----------

## MEMORANDUM OPINION[1]

----------

Appellant Norman Lee Olson II appeals from his conviction for continuous sexual abuse of a child and life sentence. Because we conclude the trial court did not abuse its discretion by admitting evidence of an uncharged, extraneous offense during the trial's punishment phase, we affirm the trial court's judgment.

---

[1]*See* Tex. R. App. P. 47.4.

# I. BACKGROUND

T. had two children: A. and C.[2]  T. married Appellant in June 2011 when A. was eleven.  Beginning in December 2011, Appellant began frequently touching A.'s breasts and sexual organ.  Before touching A., Appellant had a system of hand signals indicating to A. which of her body parts he wanted to touch.  To ensure A.'s compliance, Appellant would not allow A. to do certain things—watch a movie, eat a doughnut—until she consented to his request.  Appellant's abuse continued until January 2013, when A., then thirteen, told T.  On May 20, 2013, a grand jury indicted Appellant for continuous sexual assault of a child.  *See* Tex. Penal Code Ann. § 21.02 (West Supp. 2014).

On December 16, 2013, Appellant filed a request for ten days' notice of the State's intent to use any extraneous-offense evidence at guilt-innocence or punishment.  *See* Tex. Code Crim. Proc. Ann. art. 37.07, § 3(g) (West Supp. 2014); Tex. R. Evid. 404(b).  The State notified Appellant on March 6, 2014—twelve days before the start of his trial—that it intended to introduce at punishment "[Appellant's] sexual assault of [C.], unindicted."[3]  On March 13, 2014, the State contacted Appellant's counsel by phone and notified him of its intention to introduce an unindicted, extraneous offense at punishment—the

---

[2]We use aliases to refer to any witnesses who were minors at the time of the offenses and their families.  *See* Tex. R. App. P. 9.10(a) (providing privacy protection for sensitive data in criminal cases, including the name of a minor).

[3]The State ultimately did not proffer C.'s testimony at trial.

continuous sexual abuse of D., who was the daughter of Appellant's former girlfriend, spanning the period of 1991 to 2001. This was the same day the State was able to identify D. and determine that she was a credible witness.[4] Counsel admitted, however, that he received a "case report" from the State on March 6, 2014, with a pseudonym for D., setting out the extraneous-offense facts. On March 17, 2014, which was the day before the start of Appellant's trial, the State filed a supplemental notice that it intended to use as punishment evidence the unindicted "sexual assault" of D. by Appellant, which occurred over a ten-year period (1991–2001) in Clay County.[5] On the first day of trial— March 18, 2014—the trial court denied Appellant's oral motion for continuance "to be able to investigate [D.] and also to investigate the results of the investigation back in 2001."

On March 20, 2014, a jury found Appellant guilty of the continuous sexual assault of A. Based on Appellant's pretrial election, the same jury proceeded to hear punishment evidence. *See* Tex. Code Crim. Proc. Ann. art. 37.07, § 2(b). At a hearing outside the presence of the jury, the State offered into evidence Appellant's "ongoing sexual abuse" of D., occurring between 1991 and 2001,

---

[4]The State had difficulty identifying D. because she was referred to only by pseudonym in the investigative file. Although an investigation occurred after D. made her outcry statement in 2001, none of the investigative evidence was available at the time of Appellant's trial.

[5]Although Appellant was never indicted, we will refer to this evidence as extraneous-offense evidence.

when D. was five until she was fifteen. At the time of the abuse, Appellant was dating D.'s mother, and D. finally exposed Appellant's abuse after she discovered her mother planned to marry Appellant. D. described the hand signals Appellant used to indicate when he wanted to touch her; Appellant's repeated touching of her breasts and sexual organ; and being given alcohol, cigarettes, or special trips when she consented to Appellant's demands. Additionally, D. testified that she was subjected to sexual intercourse for twelve minutes at the age of five, in an outside carport when she was twelve, and while camping at the age of twelve.

Appellant objected to the admission of this extraneous-offense evidence on the grounds that he had received insufficient notice of the State's intent to use it and its probative value was outweighed by its prejudicial effect. *See* Tex. Code Crim. Proc. Ann. art. 37.07, § 3(g); Tex. R. Evid. 403. The trial court overruled Appellant's objection, concluding that the evidence was admissible:

> The Court finds that under the circumstances of the case, notice of the extraneous offense, just evidence in the testimony of the witness, was reasonable and sufficient. The Court finds further that . . . the jury, based on the evidence presented, could make a determination beyond a reasonable doubt that [Appellant] committed the extraneous offenses outlined in that testimony. Therefore, the Court will allow the extraneous offense to be offered into evidence.

The jury heard D.'s testimony and subsequently assessed his punishment at life confinement.

## II. DISCUSSION

Appellant appeals his sentence, arguing in a sole issue that the trial court abused its discretion by admitting D.'s testimony at punishment. To support his

4

argument, Appellant focuses on the State's failure to provide timely notice of its intent to use the extraneous-offense evidence at punishment and on the unduly prejudicial nature of the evidence.

## A. STANDARD OF REVIEW AND ARTICLE 37.07

We review a trial court's admission of extraneous-offense evidence under an abuse-of-discretion standard. *Mitchell v. State*, 931 S.W.2d 950, 953 (Tex. Crim. App. 1996) (plurality op.). Under this standard, we will uphold the trial court's ruling if it was within the zone of reasonable disagreement. *Hayden v. State*, 296 S.W.3d 549, 553 (Tex. Crim. App. 2009).

The admissibility of evidence at the punishment stage of a trial is controlled by article 37.07:

> [E]vidence may be offered by the state and the defendant as to any matter the court deems relevant to sentencing, including but not limited to the prior criminal record of the defendant, his general reputation, his character, an opinion regarding his character, the circumstances of the offense for which he is being tried, and . . . any other evidence of an extraneous crime or bad act that is shown beyond a reasonable doubt by evidence to have been committed by the defendant or for which he could be held criminally responsible, regardless of whether he has previously been charged with or finally convicted of the crime or act.

Tex. Code Crim. Proc. Ann. art. 37.07, § 3(a)(1). Thus, the trial court first determines as a matter of law whether the extraneous-offense evidence is relevant and admissible, and the jury then determines as a matter of fact whether

the extraneous offense was proven beyond a reasonable doubt.[6]  *Smith v. State*,

227 S.W.3d 753, 759–60 (Tex. Crim. App. 2007); *Mitchell*, 931 S.W.2d at 954.

## B. NOTICE

Article 37.07, section 3(g) incorporates the notice requirement in rule

404(b) and provides that the State must give a defendant reasonable notice of its

intent to introduce extraneous-offense evidence at punishment if the defendant

requests such notice.  Tex. Code Crim. Proc. Ann. art. 37.07, § 3(g) (referring to

Tex. R. Evid. 404(b)).  The statute further provides that notice is reasonable "only

if the notice includes the date on which and the county in which the alleged crime

or bad act occurred and the name of the alleged victim of the crime or bad act."

*Id.*  The purpose of the notice requirement is to prevent unfair surprise to a

defendant.  *See Nance v. State*, 946 S.W.2d 490, 493 (Tex. App.—Fort Worth

1997, pet. ref'd).  The sufficiency of the State's notice depends on the

circumstances of each case.  *See Webb v. State*, 36 S.W.3d 164, 178 (Tex.

App.—Houston [14th Dist.] 2000, pet. ref'd) (op. on reh'g en banc).  The trial

court has discretion to determine what constitutes substantial compliance with

the statute's notice requirement, but absolute noncompliance may not be

excused.  *Cf. Hernandez v. State*, 176 S.W.3d 821, 824 (Tex. Crim. App. 2005)

(discussing rule 404(b)'s notice requirement).

---

[6]Appellant does not challenge the jury's implicit factual determination regarding the admitted extraneous-offense evidence but solely argues that the trial court erred by concluding that the evidence was admissible as a matter of law.

The State notified Appellant pursuant to his pretrial request of its intent to introduce extraneous-offense evidence at punishment. Although the State did not notify Appellant of D.'s name until March 13, 2014—five days before trial— that was the same day the State discovered her name and determined she was credible. Appellant received the case report of D.'s allegations against Appellant, albeit with a pseudonym, more than ten days before the trial. Appellant was not at a disadvantage regarding the extraneous-offense evidence as he had the same notice of the evidence as did the State. The circumstances surrounding the timing of the State's notice lead us to conclude that the State substantially complied with the notice requirement of article 37.07 and that the trial court did not abuse its discretion by admitting the extraneous-offense evidence. *See, e.g.*, *Stricklin v. State*, No. 2-07-235-CR, 2008 WL 2510642, at *7–8 (Tex. App.—Fort Worth June 19, 2008, pet. ref'd) (mem. op., not designated for publication) (holding notice to defendant of extraneous-offense evidence "as soon as the prosecutor discovered it" sufficient to justify trial court's admission of evidence and citing similar cases).

## C. WEIGHING PROBATIVE VALUE AND PREJUDICIAL EFFECT

Appellant also argues that the trial court abused its discretion because the prejudicial effect of D.'s testimony substantially outweighed any probative value it might have had. Article 37.07 provides that D.'s testimony was relevant to the jury's determination of Appellant's punishment. Tex. Code Crim. Proc. Ann. art. 37.07, § 3(a)(1); *Fowler v. State*, 126 S.W.3d 307, 310 (Tex. App.—Beaumont

7

2004, no pet.). There is a presumption that relevant evidence is admissible. Tex. R. Evid. 402; *Sanders v. State*, 422 S.W.3d 809, 815 (Tex. App.—Fort Worth 2014, pet. ref'd). But extraneous-offense evidence offered at punishment is subject to exclusion if its unfair, prejudicial effect outweighs any probative value it may have. *See* Tex. R. Evid. 403; *Rogers v. State*, 991 S.W.2d 263, 266–67 (Tex. Crim. App. 1999). In determining the probative value of evidence, the trial court should favor admission and consider (1) the potential of the evidence to impress the jury in some irrational, indelible way or to suggest a decision on an improper basis, (2) the time the proponent needs to develop the evidence, and (3) the proponent's need for the evidence. *See Sanders*, 422 S.W.3d at 815.

Evidence of the sexual assault of a child over a ten-year period routinely carries the potential for a high degree of prejudice. *See id.* But that prejudice alone is not unfair and is insufficient to justify its exclusion. *Rodriguez v. State*, 345 S.W.3d 504, 508–09 (Tex. App.—Waco 2011, pet. ref'd). Considering that Appellant's abuse of D. spanned ten years, the State spent a relatively short time—ten pages in the two volumes of the reporter's record containing punishment testimony—developing D.'s testimony. Although the effect of D.'s testimony certainly was indelible on the jury, it was not an irrational impression. D.'s testimony served a legitimate purpose at punishment and was relevant and admissible. The trial court did not abuse its discretion by concluding its probative value outweighed any prejudicial effect. *See, e.g.*, *Sanders*, 422 S.W.3d at 815

8

(concluding punishment evidence of defendant's extraneous sexual offense with a child was not unduly prejudicial after defendant convicted of assault in a dating relationship); *Rodriguez*, 345 S.W.3d at 509 (concluding trial court did not abuse its discretion by admitting evidence of defendant's sexual assaults he committed while a juvenile at punishment phase of defendant's aggravated-sexual-assault trial); *Fowler*, 126 S.W.3d at 311 (holding admission of extraneous sexual assaults of a minor at punishment phase of aggravated-sexual-assault trial not an abuse of discretion under rule 403).

## III.  CONCLUSION

Because the trial court did not abuse its discretion by admitting the extraneous-offense evidence at trial, we overrule Appellant's issue and affirm the trial court's judgment.  *See* Tex. R. App. P. 43.2(a).

/s/ Lee Gabriel

LEE GABRIEL
JUSTICE

PANEL:  WALKER, MEIER, and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  April 23, 2015

9