

# NUMBER 13-18-00641-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

**DAVID NINO,** **Appellant,**

**v.**

**THE STATE OF TEXAS,** **Appellee.**

### On appeal from the 148th District Court of Nueces County, Texas.

## MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Longoria and Hinojosa
Memorandum Opinion by Chief Justice Contreras**

Appellant David Nino appeals his conviction for aggravated assault with a deadly weapon, a second-degree felony. *See* TEX. PENAL CODE ANN. § 22.02. By two issues, appellant argues that (1) there was insufficient evidence to support a deadly weapon

finding, and (2) the trial court abused its discretion when it allowed the State to play a video from an unrelated kidnapping case during the punishment phase of trial. We affirm.

## I. BACKGROUND

Appellant was indicted for aggravated assault with a deadly weapon (a box cutter), and the indictment alleged he was a habitual felony offender. *See id.* §§ 12.42(d), 22.02. Appellant pleaded not guilty and proceeded to trial.

At a pre-trial hearing, the State informed appellant that it sought to introduce evidence of an alleged extraneous offense: a video where another woman tells police that appellant held her against her will and threatened to "cut her." *See* TEX. R. EVID. 404(b). Appellant objected to the video because it was hearsay and it was more prejudicial than probative. The trial court overruled the objections.

At trial, the evidence showed that appellant met the complainant on Facebook and picked her up at her place of employment. Appellant took the complainant to his mother's house and then to an abandoned house. When the complainant wanted to leave and go home, appellant told her she could not do so because she belonged to him. The complainant testified that, to prevent her from leaving, appellant grabbed her arm, kicked her legs, choked her, and threatened to slice her face with a box cutter. After several days, the complainant was able to escape and take a taxi to her grandmother's house. The jury found appellant guilty of aggravated assault and found that he used a deadly weapon during the commission of the offense.

At the punishment phase, appellant pleaded true to the enhancement allegations.[1] The State moved to introduce the video related to appellant's extraneous kidnapping

---

[1] Specifically, appellant pleaded true to the allegations that he had previously been convicted of possession of cocaine and sexual assault of a child.

2

offense, and appellant objected to its admission. The trial court overruled the objections and admitted the video. The jury assessed punishment at life imprisonment. *See id.* § 12.42(d) (increasing the punishment range for habitual felony offenders to "any term of not more than 99 years or less than 25 years"). This appeal followed.

## II. SUFFICIENCY

By his first issue, appellant argues there was insufficient evidence to support the finding that he used a deadly weapon during the offense. Specifically, appellant argues that "the victim's testimony alone is not enough evidence to support a verdict for aggravated assault" or to support that appellant "ever intended to use the box cutter or that this box cutter was a deadly weapon."

### A. Standard of Review

In a sufficiency review, we consider the evidence in the light most favorable to the verdict to determine whether any rational finder of fact could have found the essential elements of the offense beyond a reasonable doubt. *Chambers v. State*, 580 S.W.3d 149, 156 (Tex. Crim. App. 2019); *see Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010) (plurality op.) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). In our analysis, we defer to the trier of fact to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (citing *Jackson*, 443 U.S. at 318–19). When the record contains conflicting inferences, we presume that the trier of fact resolved any such conflicts in favor of the prosecution, and we must defer to that resolution. *Padilla v. State*, 326 S.W.3d 195, 200 (Tex. Crim. App. 2010) (citing *Jackson*, 443 U.S. at 326).

**B. Analysis**

Here, under the variant of the offense of aggravated assault with which appellant was charged, a person commits an offense if he or she commits an assault and "uses or exhibits a deadly weapon during the commission of the assault." TEX. PENAL CODE ANN. § 22.02(a)(2). A deadly weapon may be anything that in the manner of its use is capable of causing death or serious bodily injury. *Id.* § 1.07(a)(17)(B); *see Johnson v. State*, 509 S.W.3d 320, 323 (Tex. Crim. App. 2017). "Serious bodily injury" is defined as "bodily injury that creates a substantial risk of death or that causes death, serious permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." TEX. PENAL CODE ANN. § 1.07(a)(46).

To determine whether a specific object is a deadly weapon, a jury may consider (1) the physical proximity between the alleged victim and the object, (2) any threats or words used by the accused, (3) the size and shape of the object, (4) the potential of the object to inflict death or serious injury, and (5) the manner in which the accused allegedly used the object. *Leal v. State*, 527 S.W.3d 345, 348 (Tex. App.—Corpus Christi–Edinburg 2017, no pet.). The most important factor is the manner of use. *Dominique v. State*, 598 S.W.2d 285, 286 (Tex. Crim. App. 1980) (finding scissors to be a deadly weapon); *Quintana v. State*, 777 S.W.2d 474, 478 (Tex. App.—Corpus Christi–Edinburg 1989, pet. ref'd) (finding a dustpan to be a deadly weapon). The evidence is sufficient to support the deadly weapon finding if the trier of fact could have reasonably found that appellant used the box cutter in such a way, or intended to use the box-cutter in such a way, that it was capable of causing serious bodily injury or death. *See* TEX. PENAL CODE ANN.

4

§ 1.07(a)(17)(B) (defining "deadly weapon"); *Johnson*, 509 S.W.3d at 323; *Davis v. State*, 533 S.W.3d 498, 508 (Tex. App.—Corpus Christi–Edinburg 2017, pet. ref'd).

Here, the complainant testified that: appellant threatened to slice her face with a "box cutter"; she knew what a box cutter was because her dad worked for a moving company; it was "regular size," "maybe like [a] pen size"; and appellant "put it in her face" and "all over her body." The jury determines whether an individual used a box cutter as a deadly weapon by weighing the evidence before it on a case-by-case basis and using that evidence to draw reasonable inferences. *See Clark v. State*, 444 S.W.3d 671, 678 (Tex. App.—Houston [14th Dist.] 2014, pet. ref'd). In this case, the jury could reasonably infer that the box cutter was a deadly weapon capable of causing death or serious bodily injury based on the complainant's testimony—that the box cutter was displayed in an aggressive and threatening manner, accompanied with threats of bodily injury and disfigurement, and in very close proximity to the complainant's body. *See Dominique*, 598 S.W.2d at 286; *Clark*, 444 S.W.3d at 678. Viewing the evidence in the light most favorable to the verdict, we conclude that the jury could have rationally found that appellant used the box-cutter in such a way, or intended to use it in such a way, that it was capable of causing death or serious bodily injury. *See* TEX. PENAL CODE ANN. § 1.07(a)(17)(B), (a)(46); *Dominique*, 598 S.W.2d at 286; *Hubbard v. State*, 579 S.W.2d 930, 931 (Tex. Crim. App. 1979); *Clark*, 444 S.W.3d at 678; *see also Poree v.* State, No. 03-16-00561-CR, 2017 WL 5983922, at *3–4 (Tex. App.—Austin Nov. 28, 2017, no pet.) (mem. op., not designated for publication) (concluding that box cutter was a deadly weapon).

Appellant argues that the victim's testimony alone is insufficient to support the deadly weapon finding. We disagree. If believed, the victim's testimony alone is sufficient

5

to support a guilty verdict. *Padilla v. State*, 254 S.W.3d 585, 590 (Tex. App.—Eastland 2008, pet. ref'd); *see Carter v. State*, 946 S.W.2d 507, 510–11 (Tex. App.—Houston [14th Dist.] 1997, pet. ref'd); *see also Holland v. State*, No. 13-15-00085-CR, 2016 WL 3626094, at *3 (Tex. App.—Corpus Christi–Edinburg June 30, 2016, no pet.) (mem. op., not designated for publication) ("We note that the victim's testimony alone can constitute legally sufficient evidence to support a finding that a defendant used or exhibited a deadly weapon."). Accordingly, we reject this argument.

We overrule appellant's first issue.

### III.  PUNISHMENT EVIDENCE

By his second issue, appellant argues the trial court erred when it admitted into evidence, at the punishment phase of trial, a video that concerned an extraneous offense.

### A. Standard of Review & Applicable Law

We review a decision to admit or exclude evidence for an abuse of discretion. *Martinez v. State*, 327 S.W.3d 727, 736 (Tex. Crim. App. 2010); *Rodriguez v. State*, 546 S.W.3d 843, 863 (Tex. App.—Houston [1st Dist.] 2018, no pet.) ("We review a trial court's decision to admit extraneous evidence during the punishment phase of trial under an abuse of discretion standard."). An abuse of discretion occurs when the trial court acts without reference to any guiding rules and principles or when it acts arbitrarily or unreasonably. *Montgomery v. State*, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990) (op. on reh'g). We will not reverse a trial court's ruling on an evidentiary matter unless the decision was clearly outside the zone of reasonable disagreement. *Winegarner v. State*, 235 S.W.3d 787, 790 (Tex. Crim. App. 2007).

During the punishment phase of trial, evidence as to any matter deemed relevant to sentencing may be admitted, including but not limited to "the prior criminal record of the defendant, his general reputation, his character, an opinion regarding his character, [and] any other evidence of an extraneous crime or bad act that is shown beyond a reasonable doubt by evidence to have been committed by the defendant . . . ." TEX. CODE CRIM. PROC. ANN. art. 37.07, § 3(a)(1). Evidence of an extraneous offense is relevant when it reveals a pattern of lawbreaking, deception, and evasion or when it reveals a pattern of conduct. *See Ashire v. State*, 296 S.W.3d 331, 341 (Tex. App.—Houston [1st Dist.] 2009, pet. ref'd); *Fowler v. State*, 126 S.W.3d 307, 311 (Tex. App.—Beaumont 2004, no pet.). Determining what is relevant should be a question of what is helpful to the jury in determining the appropriate sentence for a particular defendant in a particular case. *Rodriguez v. State*, 203 S.W.3d 837, 842 (Tex. Crim. App. 2006). However, the trial court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, or needlessly presenting cumulative evidence." TEX. R. EVID. 403.

**B. Analysis**

Appellant generally argues that, because the video was unfairly prejudicial, the trial court erred when it admitted into evidence the "video from an alleged victim in a separate pending kidnapping case." *See id.* When conducting a Rule 403 analysis, the trial court must balance (1) the inherent probative force of the proffered item of evidence along with (2) the proponent's need for that evidence against (3) any tendency of the evidence to suggest decision on an improper basis, (4) any tendency of the evidence to confuse or distract the jury from the main issues, (5) any tendency of the evidence to be given undue

weight by a jury that has not been equipped to evaluate the probative force of the evidence, and (6) the likelihood that presentation of the evidence will consume an inordinate amount of time or merely repeat evidence already admitted. *Gigliobianco v. State*, 210 S.W.3d 637, 641–42 (Tex. Crim. App. 2006)

Appellant complains of a video where a second alleged victim tells a police officer that appellant held her against her will at his house and threatened to cut her if she attempted to leave. This video was recorded immediately after the alleged victim escaped appellant's home, ran down the street, and flagged down a police officer. The video shows the distraught complainant explaining what appellant had just done to her. This event occurred about five days after appellant committed the offense underlying this appeal.

Here, the video was relevant and useful to the jury because it helped define appellant's character, showed another example of a similar criminal act that appellant may have committed against another woman, and established a pattern of serious criminal conduct that may have informed the jury's decision on punishment. *See Sanders v. State*, 422 S.W.3d 809, 815 (Tex. App.—Fort Worth 2014, pet. ref'd); *Ashire*, 296 S.W.3d at 341; *McClure v. State*, 269 S.W.3d 114, 120 (Tex. App.—Texarkana 2008, no pet.) ("A person's history of violating the law is undoubtedly a relevant factor for a jury to consider when assessing a sentence because it relates to the defendant's character."). Thus, the inherent probative force of the proffered item and the State's need for that evidence weigh in favor of admissibility. Further, the evidence did not take an inordinate amount of time to present, was not repetitive, and there was little danger that the evidence confused the issues or misled the jury. *See Rodriguez*, 203 S.W.3d at 842. The video also did not have the potential to impress the jury in some irrational way. *See Sanders*,

422 S.W.3d at 815; *Rodriguez v. State*, 345 S.W.3d 504, 509 (Tex. App.—Waco 2011, pet. ref'd). These factors also weigh in favor of admissibility.

The Texas Legislature has expressly permitted evidence of unadjudicated extraneous crimes and bad acts to allow juries to tailor appropriate punishments. *See* TEX. CODE CRIM. PROC. ANN. art. 37.07, § 3(a)(1); *Sanders*, 422 S.W.3d at 815; *Fowler*, 123 S.W.3d at 311 ("Evidence of a defendant's prior assaults certainly had a tendency to cause a jury to increase punishment. But that was its legitimate purpose."). The video here was precisely the type of evidence deemed relevant to the determination of sentencing by the legislature. *See Sanders*, 422 S.W.3d at 815; *Rodriguez*, 345 S.W.3d at 509; *Fowler*, 126 S.W.3d at 311. We cannot conclude that the trial court acted outside the zone of reasonable disagreement when it determined that the probative value of the video was not substantially outweighed by a danger of unfair prejudice. *See* TEX. R. EVID. 403; *Sanders*, 422 S.W.3d at 816; *Rodriguez*, 345 S.W.3d at 509.

We overrule appellant's second issue.

### IV. CONCLUSION

The trial court's judgment is affirmed.

DORI CONTRERAS
Chief Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
16th day of April, 2020.